Filed 4/24/14  In re J.C. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.C., a Person Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>M.V.,<br><br>        Defendant and Appellant. | F068865<br><br>(Super. Ct. No. JP000629)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*†

APPEAL from a judgment of the Superior Court of Merced County.  Donald E. Shaver, Judge.

Michelle L. Jarvis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance on behalf of Plaintiff and Respondent.

-ooOoo-

---

\* Before Gomes, Acting P.J., Peña, J., and LaPorte, J.

† Judge James LaPorte is a Judge of the Superior Court of Kings County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

M.V. (father) appealed from a February 2014 order terminating parental rights (Welf. & Inst. Code, § 366.26) to his three-year-old son J.C. (child).[2]  After reviewing the entire record, father's court-appointed appellate counsel informed this court she found no arguable issues to raise on father's behalf.  Counsel requested and this court granted leave for father to personally file a letter setting forth a good cause showing that an arguable issue of reversible error did exist.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Father has since submitted a letter in which he describes his current circumstances and asks us to return custody of J.C.  Father's letter neither addresses the termination proceedings nor sets forth a good cause showing that any arguable issue of reversible error at the termination hearing does exist.  (*In re Phoenix H., supra,* 47 Cal.4th at p. 844.)  Consequently, we will dismiss the appeal.  (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

## PROCEDURAL AND FACTUAL BACKGROUND

A juvenile court exercised its dependency jurisdiction over two-year-old J.C. and removed him from parental custody in 2012 due to his parents' inability to provide him with adequate care as a result of their chronic substance abuse.  J.C. was originally detained after father was arrested for testing positive for methamphetamine and consequently violating his probation.  The court ordered reunification services for father that included substance abuse services and drug testing.

Father received 12 months of reunification services.  During the first six months, he complied with services but continued to test positive for illegal substances and was incarcerated for another probation violation.  During the second six months, his progress was unsatisfactory.  He continued to use illegal drugs and "get arrested."  He admitted he was regularly using heroin and had been doing so for five years.  In addition, he

[2]All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2.

admittedly had been manipulating the probation department and alcohol and drug services in an effort to fool respondent Merced County Human Services Agency (Agency).

As of the 12-month status review hearing, father was once again in custody for a probation violation. His probation officer recommended a year-long, inpatient treatment program. As a result, it appeared father would be ordered within a matter of days into a program.

Under these circumstances, the juvenile court terminated reunification services and set a permanency planning hearing for J.C. pursuant to section 366.26. The Agency recommended a permanent plan of adoption for the child and termination of parental rights.

In December 2013, father petitioned for J.C.'s return to his custody subject to family maintenance services. (§ 388.) He had enrolled in September 2013 in a six-month, live-in rehabilitation program through the Salvation Army and was scheduled to complete it in March 2014. He was compliant and making positive progress according to a letter from the intake coordinator at the Salvation Army. Father alleged family maintenance services would be better for J.C. because father and his wife wanted to raise the child as a family.

The Agency opposed father's petition. It reminded the court that, during the reunification period, father provided documentation that he completed an alcohol and drug program, yet continued to use illegal drugs and admittedly manipulated the probation department and alcohol and drug services in order to fool the Agency to have the child returned. Although father was once again in a program, it was court ordered for his probation violation and was only a six-month program. Further, father had not visited or otherwise maintained contact with J.C. since July 2013.

At a February 2014 hearing, the court took evidence on father's section 388 petition and the Agency's permanency planning recommendations. Following argument,

the court denied father's petition. The court observed that father was making "some good progress." However, there was a second prong for relief under section 388, which was whether the relief sought was in the child's best interest. The court could not find it would be in J.C.'s best interest to take him out of his current environment and return him to father's home.

Having found the child adoptable, the court terminated parental rights.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal should be dismissed. (*In re Sade C., supra,* 13 Cal.4th at p. 994.)

Father does not raise any claim of error or other defect against the termination order from which he appealed. Instead, he describes to us his current circumstances, as well as his love for J.C., and asks that we allow the child to come home to him (father). However, that is not within our jurisdiction as a reviewing court. To the extent father means to argue that the juvenile court should have granted his section 388 petition, he overlooks his failure to establish that an order returning custody of the child to father would be in the child's best interest. (§ 388.)

We conclude father has not made a good-cause showing that an arguable issue of reversible error did exist. (*In re Phoenix H., supra,* 47 Cal.4th at p. 844.)

## DISPOSITION

This appeal is dismissed.

4.